**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| E-CONTACT TECHNOLOGIES, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION NO. 1:12-CV-085 |
| v. | § | |
| | § | |
| HUGHES COMMUNICATIONS, INC., HUGHES NETWORK SYSTEMS, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| DEFENDANT. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

This is an action for patent infringement in which E-Contact Technologies LLC makes the following allegations against Hughes Network Systems, LLC and Hughes Communications, Inc.:

**PARTIES**

1. Plaintiff E-Contact Technologies, LLC ("E-Contact") is a Texas company having a principle place of business of 815 Brazos St, Ste. 500, Austin, Texas 78701.

2. On information and belief, Defendant Hughes Communications, Inc. is a Delaware corporation with its principal place of business 11717 Exploration Lane, Germantown, MD 20876. Hughes Communications, Inc. has appointed The Corporation Trust Company, 351 West Camden St., Baltimore, Maryland 21201, as its agent for service of process.

3. On information and belief, Defendant Hughes Network Systems, LLC is a subsidiary of Hughes Communications, Inc. and a Delaware corporation with its principal place of business 11717 Exploration Lane, Germantown, MD 20876. Hughes Network Systems, LLC has appointed has appointed The Corporation Trust Company, 351 West Camden St., Baltimore, Maryland 21201, as its agent for service of process.

4. Collectively, Hughes Network Systems, LLC and Hughes Communications, Inc. are referred to as "Hughes" or "Defendants."

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction pursuant to the above statutes, including 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b). On information and belief, Defendants have transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

7. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,347,579

8. Plaintiff is the owner by assignment of United States Patent No. 5,347,579 ("the '579 patent") entitled "Personal Computer Diary." The '579 patent issued on September 13, 1994. A true and correct copy of the '579 patent is attached hereto as Exhibit A.

9. The '579 patent is valid and enforceable.

10. Upon information and belief, Hughes directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale E-Mail and Web-Based Mail products and/or systems provided through its websites, including but not

limited to, myhughesnet.com and hughesnet.com that directly infringed one or more claims of the ’579 patent, literally or under the doctrine of equivalents, and/or Hughes induced infringement and/or contributed to the infringement of one or more of the claims of the ’579 patent by its customers.

11. As a direct and proximate result of Defendants’ acts of patent infringement, Plaintiff has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

12. Plaintiff has no adequate remedy at law against these acts of patent infringement. Unless Defendants are permanently enjoined from their unlawful infringement of the ’579 patent, Plaintiff will suffer irreparable harm.

## JURY DEMAND

E-Contact hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly or through intermediaries, the ’579 patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the ’579 patent.

3. A judgment and order requiring Defendants to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interests for Defendants’ infringement of the ’579 patent as provided under 35 U.S.C. § 284;

4. A judgment in favor and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

Dated: February 22, 2012

Respectfully submitted,

By: /s/ *Hao Ni*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni Law Firm, PLLC**

3102 Maple Ave. Suite 400
Dallas, TX 75201
Telephone: 214/800-2208
Fax: 214/880-2209

**ATTORNEYS FOR PLAINTIFF**
**E-CONTACT TECHNOLOGIES, LLC.**